IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CV-187-D

| | | |
|---|---|---|
| JIMMY M. POWERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| DETECTIVE CHRISTOPHER GERMAINE and INTERIM POLICE CHIEF ALEX MONROE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

On January 10, 2008, the court dismissed plaintiff Jimmy M. Powers' ("Powers") action against defendant Detective Christopher Germaine ("Germaine") as a sanction for plaintiff's repeated discovery abuses and indifference to this court's orders. The action against defendant Alex Monroe ("Monroe") remains pending. On January 23, 2008, plaintiff moved for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). For the reasons discussed below, plaintiff's motion for reconsideration is denied.

I.

The facts giving rise to dismissal of plaintiff's action against Germaine are recounted in detail in this court's prior order, and the court will not repeat them here. See Powers v. Germaine, No. 7:06-CV-187-D, [D.E. 32] (E.D.N.C. Jan. 10, 2008) [hereinafter "Dismissal Order"]. In short, plaintiff repeatedly failed to respond to defendant Germaine's interrogatories and request for production of documents, and then ignored this court's orders to respond. Specifically, on September 25, 2007, the court entered an order compelling plaintiff to serve complete responses within ten days, and commanding plaintiff to pay to Germaine the sum of $500 as compensation related to the motion to compel. See Powers v. Germaine, No. 7:06-CV-187-D, [D.E. 17] (E.D.N.C.

Sept. 25, 2007) [hereinafter "Order Compelling Production"]. Plaintiff did not comply with the Order Compelling Production, and on October 12, 2007, defendant Germaine moved for sanctions. On November 9, 2007, the court entered a second order holding plaintiff in contempt and ordering plaintiff to submit complete discovery responses to Germaine by November 19, 2007. See Powers v. Germaine, No. 7:06-CV-187-D, [D.E. 21] (E.D.N.C. Nov. 9, 2007) [hereinafter "Hathcock Order"]. Citing Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36 (4th Cir. 1995), the court expressly "WARNED" plaintiff "that failure to comply with this order will result in the dismissal of this action and imposition of a $1000 sanction on plaintiff and each of plaintiff's lawyers." Id. at 2. The Hathcock Order further commanded plaintiff and each of plaintiff's attorneys to show cause why they should not be sanctioned $1000. Id. Plaintiff did not comply with the Hathcock Order. On January 10, 2008, the court dismissed plaintiff's action against Germaine, sanctioned plaintiff's lead counsel Scott Kamin ("Kamin") $1000, and admonished plaintiff's local counsel Charles Tighe ("Tighe"). See Dismissal Order. Kamin is a member of the Illinois bar and practices law in Chicago, Illinois. Tighe is a member of the North Carolina bar and practices law in Wilmington, North Carolina. Tighe acted as local counsel in this case under Local Civil Rule 83.1, EDNC.

Plaintiff now moves for reconsideration of the Dismissal Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiff argues that this court should alter, amend, or vacate its Dismissal Order because there is new information available, because the Dismissal Order constitutes manifest injustice, because the court committed legal error, because plaintiff's conduct constitutes excusable neglect, and because principles of justice support relief. See Pl.'s Mem. in Supp. of Mot. for Recons. 2 [hereinafter "Pl.'s Mem."].

## II.

The court turns first to plaintiff's motion under Federal Rule of Civil Procedure 59(e). A court acting on a motion under Rule 59(e) may alter or amend its prior judgment for any of three

2

reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) permits a district court to correct its own errors. Zinkand, 478 F.3d at 637. Rule 59(e) does not permit a party "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co., 148 F.3d at 403; see also In re Reese, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." (quotation omitted)), cited with approval in Pac. Ins. Co., 148 F.3d at 403. Moreover, reconsideration of a judgment is an extraordinary remedy to be granted only sparingly. Pac. Ins. Co., 148 F.3d at 403.

Even though the court has not entered a judgment as to defendant Germaine under Federal Rule of Civil Procedure 54(b), the court will assume that Rule 59 applies. Plaintiff argues that relief under Rule 59(e) is appropriate because of "new information that was not available at the time of the original filing," and because "it would constitute manifest injustice to Plaintiff to dismiss this matter." See Pl.'s Mem. 2. As for plaintiff's "new information," plaintiff attaches various exhibits to his motion for reconsideration. These exhibits include an excerpt from plaintiff's complaint, an excerpt from Germaine's answer, and copies of several medical records (Ex. A); an excerpt from plaintiff's deposition (Ex. B); two emails between Kamin and Tighe (Exs. C & D); a copy of plaintiff's (unsworn) answers to Germaine's interrogatories and request for production (Ex. E); a copy of a check (dated November 20, 2007) remitting the $500 sanction to Germaine (Ex. F); a copy of plaintiff's amended (and now sworn) answers to Germaine's interrogatories and request for production (Ex. G); several emails between Kamin and counsel for Germaine regarding potential dates for Germaine's deposition (Ex. H); and an email from Kamin consenting to defendant Monroe's request for an extension of time to respond to discovery (Ex. I). Plaintiff also attaches

3

two documents to his memorandum: a copy of this court's Hathcock Order (Ex. 1), and a copy of plaintiff's "Response to Rule to Show Cause" (Ex. 2).

Most of this information is hardly new, and that which the court has not yet seen does more to underscore plaintiff and Kamin's misconduct than to support plaintiff's request for reconsideration. For example, plaintiff's amended answers to Germaine's discovery requests were not made under oath until nearly a month after they were due under pain of dismissal. Compare Pl.'s Mot. for Recons. Ex. G (notarization dated December 18, 2007) with Hathcock Order 2 ("Plaintiff shall file and serve complete responses to the outstanding discovery not later than November 19, 2007."). Further, most of the new information does no more than show Kamin's attempt to resuscitate discovery after plaintiff failed to comply with this court's Hathcock Order. See Pl.'s Mem. Exs. G, H & I. Kamin's conduct after plaintiff violated the Order Compelling Production and the Hathcock Order does not alter plaintiff's violations, nor does it excuse the misconduct leading to the Hathcock Order.

Plaintiff next argues that this court is permitting manifest injustice because plaintiff did in fact comply with the Hathcock Order. See Pl.'s Mem. 1–2. According to plaintiff, the Hathcock Order only directed him to show cause why he should not be sanctioned, and "did not direct Plaintiff to argue why his case should not be dismissed." Pl.'s Mem. 1. Plaintiff selectively interprets the Hathcock Order. The Hathcock Order did indeed command plaintiff to show cause why he should not be sanctioned.[1] Hathcock Order 2. However, plaintiff fails to discuss the remainder of the Hathcock Order, which also commanded him to "serve complete responses to the outstanding discovery" not later than November 19, 2007. Id. The order expressly "WARNED" plaintiff that failure to do so "will result in the dismissal of this case," and cited Hathcock. Id. Hathcock is the Fourth Circuit's seminal case on the general need for a district court to warn a party that failure to

---

[1] It further commanded him to do so "not later than November 19, 2007," which he did not do.

4

comply with a court order may result in the sanction of dismissal. See Hathcock, 53 F.3d at 40. This court's language was unequivocal, and was issued after the court already had imposed a lesser sanction. The court rejects plaintiff's argument that he did not know that this court was contemplating dismissal.

Finally, plaintiff (through Kamin) argues that this court committed a clear error of law in its Dismissal Order because it misapplied the factors in Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88 (4th Cir. 1989). See Pl.'s Mem. 2–5. These factors are: (1) whether the noncompliance was in bad faith; (2) the degree of prejudice the noncompliance caused the harmed party; (3) whether deterrence is needed; and (4) whether lesser sanctions would be effective. Mut. Fed., 872 F.2d at 92.

First, plaintiff (through Kamin) argues that he did not act in bad faith because he was "unaware" of both the Order Compelling Production and the Hathcock Order until Friday, November 16, 2007. Kamin appears to imply (without expressly stating) that Tighe did not send him the orders until that date. See Pl.'s Mem. 3 (arguing that Kamin "was unaware" of the orders because he "must rely entirely on Local Counsel to be notified of any filings and all orders by the Court"). The court has already considered and rejected this argument in its Dismissal Order, because the evidence does not support it. See Dismissal Order 6–7; Resp. of Pl.'s Local Counsel to Order to Show Cause of Nov. 9, 2007, at 3 ("I [Tighe] have at all times complied with all of the terms and conditions of my contract with Attorney Kamin for services as Local Counsel in this matter."); id. Ex. 5 (letter from Tighe to Kamin threatening to withdraw as local counsel due to Kamin's persistent failures to meet deadlines). The court disbelieves Kamin and again finds that the noncompliance was in bad faith. Plaintiff's argument is again rejected.

Plaintiff next argues that Germaine suffered only minimal prejudice because plaintiff had already produced all documents responsive to Germaine's request for production through his Fed.

R. Civ. P. 26(a) disclosures and because defendants were able to depose Powers. Pl.'s Mem. 3–4.[2] Plaintiff's argument that the prejudice to Germaine was minimal because Germaine already possessed all responsive documents is weak. Plaintiff may have known that he had already produced all responsive documents, but Germaine certainly did not. That is why a party files a request under Fed. R. Civ. P. 34—to ensure that he does not face any "strategic surprise" resulting from some previously-unknown document. See 8A Charles Alan Wright et al., Federal Practice & Procedure § 2202 (Civil 2d 1994). Further, Rule 26 disclosures may include the production of certain documents, but such disclosures do not remotely provide the depth and breadth of information that defendant Germaine sought in his interrogatories and request for production of documents.

Similarly, the court rejects plaintiff's argument that his failure to timely file properly-sworn interrogatory responses is harmless because defendants were able to depose him. The record does not indicate when Germaine deposed Powers and, in any case, the deposition does not absolve plaintiff of his failure to timely answer the interrogatories under oath. Interrogatories play a key role in litigation strategy by allowing parties to prepare for and to take depositions. Plaintiff's tardiness deprived Germaine of timely, properly-sworn interrogatory responses, which he could have used in preparing to depose and in deposing Powers. Cf. Smith v. U.S. Sprint, No. 92-2153, 1994 WL 62338, at *4 (4th Cir. Feb. 28, 1994) (per curiam) (unpublished) ("Although Smith's counsel had mailed the [interrogatory] answers that morning, they were not in Sprint's possession before the deposition began, and the later delivery of the documents or the faxing of the answers during the deposition did not cure the violations.").

---

[2] Plaintiff also argues that Monroe suffered no prejudice because he did not send any discovery requests to plaintiff until November 6, 2007. Pl.'s Mem. 3. As discussed below, the court need not analyze the prejudice to defendant Monroe, because its Dismissal Order does not apply to him.

6

Third, plaintiff argues that deterrence was not necessary because "[t]he specific delay in this case was not to waste the Court's time nor to engage in dilatory tactics," but rather was due to "[Powers'] incarceration in Virginia." Pl.'s Mem. 4. The court has already considered and rejected this argument in its Dismissal Order. See Dismissal Order 7–8. Even if Powers were incarcerated, Kamin was not. At all times, Kamin had the ability to meet with Powers. Further, Kamin always had the ability to notify this court of his difficulties before watching the deadlines in this court's orders expire. The court rejects Kamin's belated, post hoc explanation. See McDougall v. Dunn, 468 F.2d 468, 472 (4th Cir. 1972) ("Nor is the requirement of the Rule to be relaxed merely because of difficulties relating to the availability of the party. It is accordingly no excuse, as urged . . . by the defendant, that defendant was living in Michigan and was not readily accessible to defendant's counsel." (citation omitted)). Moreover, as discussed in the Dismissal Order, Powers is hardly "a blameless client" being punished for his attorney's misconduct. See, e.g., Carter v. Univ. of West Virginia Sys., No. 93-1905, 1994 WL 192031, at *2 (4th Cir. May 16, 1994) (per curiam) (unpublished). In fact, the record contains no evidence from Powers (such as an affidavit) relevant to his incarceration argument, and no evidence suggests that anything stopped Powers from advising the court of his situation.

Finally, plaintiff contends that less drastic sanctions would have been sufficient. Pl.'s Mem. 4. Plaintiff argues that, when he realized that he and his lawyers might be sanctioned, plaintiff "treat[ed] this case as his number one priority." Id. at 5. Plaintiff's argument depends on the premise that he and Kamin never knew about the court's prior orders, which the court has already rejected both above and in its Dismissal Order. There is no evidence to support plaintiff's position other than Kamin's own ipse dixit. Rather, the evidence suggests that plaintiff (through Tighe and Kamin) knew or had reason to know of this court's orders, but either ignored them or was willfully ignorant of them. See Resp. of Pl.'s Local Counsel to Order to Show Cause of Nov. 9, 2007, at 3 & Ex. 5. Kamin's careful choice of language is telling—he does not argue that he never received

7

this court's orders, but rather that he "was unaware" of them, and that he acted as soon as he "became aware." Pl.'s Mem. 3. The court again rejects plaintiff's argument. Plaintiff's motion for reconsideration under Rule 59(e) is denied.

III.

Plaintiff also argues for reconsideration under Federal Rule of Civil Procedure 60(b), which permits relief from certain mistakes in final judgments, orders, or other parts of the record. As with Rule 59(e), the court will assume that Rule 60(b) applies. "The consideration of Rule 60(b) motions proceeds in two stages. First, there is the question of whether the movant has met each of three threshold conditions." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). These conditions are timeliness of the motion, the presence of a potentially meritorious claim or defense, and the lack of prejudice to the opposing party. See id.; see also Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997).

Plaintiff's motion is timely. See Fed. R. Civ. P. 60(c) (motion must be filed within a reasonable time, and no more than one year after entry of the judgment). Further, the court will assume, without deciding, that plaintiff has a potentially meritorious claim against Germaine. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (per curiam) (noting that underlying question is whether there is a possibility that the moving party might have prevailed on the merits). The court also will assume, without deciding, that Germaine would suffer no unfair prejudice cognizable under Rule 60(b) by reopening the case against him. See Gray, 1 F.3d at 265 (describing prejudice factor as "of lesser importance").

The second stage of a Rule 60(b) motion is whether the movant can satisfy one of the Rule's six enumerated grounds for relief. Gray, 1 F.3d at 266. Here, plaintiff first argues that he is entitled to relief due to "excusable neglect." See Pl.'s Mem. 2.; Fed. R. Civ. P. 60(b)(1). The Fourth Circuit has "established two analytical approaches under Rule 60(b)," a more lenient standard applied to cases involving "a blameless party and a blameworthy attorney," and a stricter standard

8

applied to cases involving "a blameworthy party." Heyman, 116 F.3d at 94 (emphasis omitted).

As discussed, Powers is not a blameless party. See, e.g., Dismissal Order 1–7. Accordingly, Powers must "adequately defend [his] conduct to show excusable neglect." Id. (quotation omitted); see also Augusta, 843 F.2d at 811; Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 897 (4th Cir. 1987). Powers apparently expected the defendants, their counsel, and this court to wait out his incarceration without notice or explanation of his alleged unavailability. The court says "apparently" because Powers has never submitted an affidavit or other evidence substantiating his alleged incarceration in Virginia, any other aspect of his conduct in this case, or any efforts that he or his attorneys Kamin and Tighe made to remain in contact with him throughout the litigation. As this court said in its Dismissal Order:

> Filing a lawsuit is serious business. A lawsuit containing allegations of police misconduct is even more serious. The least that the defendants and this court could expect is that plaintiff and his counsel would approach this case with due respect for that seriousness. This court would also expect plaintiff's counsel Kamin and Tighe to understand that federal district courts are busy places. No judge has time to babysit parties or lawyers who repeatedly fail to meet litigation deadlines. Likewise, federal district courts cannot operate properly if litigants and lawyers can disregard court orders with impunity.

Dismissal Order 8–9. At a minimum, a party to a lawsuit should understand that he must remain in close contact with his attorneys throughout the case. Powers failed to do so, and his neglect is not excusable.

Moreover, even on the dubious assumption that Powers is blameless, he still is not entitled to relief. Even those cases that have granted relief under the stricter standard have done so for mere negligence, not for willful misconduct. See Heyman, 116 F.3d at 94; Augusta, 843 F.2d at 811. Nor is plaintiff entitled to relief under Fed. R. Civ. P. 60(b)(6), the "grand reservoir of equitable power to do justice." Gray, 1 F.3d at 266 (quotation omitted). For the reasons discussed above, this case is not the "type of extraordinary case for which Rule 60(b)(6) was designed." Id.

IV.

For the reasons discussed above, plaintiff's motion for reconsideration is DENIED. Plaintiff's counsel Kamin is also reminded of his obligation to pay the $1000 sanction to defendant Germaine, if he has not already done so. Finally, the court notes that plaintiff appears to assume that the Dismissal Order dismissed his action in its entirety. The court clarifies that its Dismissal Order applied only to defendant Germaine, not to defendant Monroe. This action remains pending as between Powers and Monroe. The court declines to enter judgment as to defendant Germaine at this time. Cf. Fed. R. Civ. P. 54(b).

SO ORDERED. This 6 day of March 2008.

JAMES C. DEVER III
United States District Judge